

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

OCT 01 2019

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

MICHAEL RYAN NEPPACH

Criminal No. 19-308
**[UNDER SEAL]**

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Jeffrey R. Bengel, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

## I. THE INDICTMENT

A federal grand jury returned a one-count indictment against the above-named defendant for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Bank Robbery<br>On or about August 28, 2019 | 18 U.S.C. § 2113(a) |

## II. ELEMENTS OF THE OFFENSE

**As to Count 1:**

In order for the crime of bank robbery, in violation of 18 U.S.C. § 2113(a), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.    That MICHAEL RYAN NEPPACH took money that was in the care, custody or possession of PNC Bank while another person was present;

2.      That MICHAEL RYAN NEPPACH used force and violence or intimidation; and

3.      The deposits of PNC Bank were then insured by the Federal Deposit Insurance Corporation.

Third Circuit Model Criminal Jury Instruction 6.18.2113A.


### III.  PENALTIES

**As to Count 1:  Bank Robbery (21 U.S.C. § 2113(a)):**

1.      A term of imprisonment of not more than twenty (20) years (18 U.S.C. § 2113(a));

2.      A fine not more than the greater of:

(a) $250,000 (18 U.S.C. § 3571(b)(3)); or

(b) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

3.      A term of supervised release of not more than three (3) years (18 U.S.C. § 3583).


### IV.  MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. <u>RESTITUTION</u>

Restitution may be required in this case as to Count One, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

## VI. <u>FORFEITURE</u>

Not applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

JEFFREY R. BENGEL
Assistant U.S. Attorney
DC ID No. 1018621