IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 19-308 |
| ) | Judge Nora Barry Fischer |
| MICHAEL RYAN NEPPACH, ) | |
| ) | |
| Defendant. ) | |

**TENTATIVE FINDINGS AND RULINGS**

On December 11, 2019, Defendant Michael Ryan Neppach pled guilty to a one-count Indictment charging him with bank robbery, in violation of 18 U.S.C. § 2113(a). On February 21, 2020, the U.S. Probation Office prepared a Presentence Investigation Report ("PIR"). (Docket No. 33). Pursuant to the Local Criminal Rules, counsel for the Government and for Defendant each had an opportunity to submit objections to the PIR. On March 2, 2020, the Government filed its Position with Respect to Sentencing Factors, indicating that ¶ 85 of the PIR should be corrected to specify that Defendant's total offense level is 19 (not 16), consistent with the calculation contained in ¶¶ 13-22. (Docket No. 35). On March 6, 2020, Defendant filed his Position with Respect to Sentencing Factors, also indicating that ¶ 85 should be corrected to indicate a total offense level of 19. (Docket No. 36). Otherwise, neither party had any objections, additions or modifications to the PIR. Subsequently, the Probation Office filed an Addendum dated March 10, 2020, amending ¶ 85 to reflect an offense level of 19. (Docket No. 38).

I.     *Guidelines Calculations*

The Court makes the following guidelines calculations in accordance with the United States Sentencing Guidelines. The Court notes that after the Supreme Court's holding in *United States v. Booker*, 543 U.S. 220 (2005), the Sentencing Guidelines are merely advisory upon this Court. *See also Gall v. United States*, 552 U.S. 38 (2007); *United States v. Tomko*, 562 F.3d 558 (3d Cir. 2009). The Court tentatively finds the following: [1]

1. The base offense level for bank robbery in violation of 18 U.S.C. § 2113(a) is twenty (20) pursuant to Guideline § 2B3.1(a).

2. Defendant's offense level is increased two (2) levels pursuant to Guideline § 2B3.1(b)(1) because he took the property of PNC Bank, a financial institution.

3. There are no victim-related, role-related or obstruction of justice adjustments that apply.

4. Based on the above, Defendant's adjusted offense level becomes twenty-two (22).

5. Pursuant to Guideline § 3E1.1(a), Defendant's adjusted offense level is reduced by two (2) levels because he has pled guilty and clearly demonstrated acceptance of responsibility for his offense.

---

[1]     Pursuant to Guideline § 1B1.11(a), because there is no *ex post facto* issue here, the Court applies the Sentencing Guidelines effective on November 1, 2018. *See* U.S. Sentencing Guideline § 1B1.11(a) ("The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced.").

6. Pursuant to Guideline § 3E1.1(b), Defendant's adjusted offense level is decreased by one (1) additional level because he timely notified authorities of his intent to enter a plea of guilty.

7. Therefore, Defendant's total offense level becomes nineteen (19).

8. Defendant has sixteen (16) criminal history points. Pursuant to Guidelines Chapter 5, Part A, a criminal history score of sixteen (16) results in a criminal history category of VI.

II. *Potential Sentence*

Based on the above guidelines calculations, Defendant is subject to the following imposition of potential sentence:

1. *Statutory Provision for Custody*: Pursuant to 18 U.S.C. § 2113(a), Defendant is subject to a term of not more than twenty (20) years' imprisonment at Count One. The offense is a Class C felony pursuant to 18 U.S.C. § 3559(a)(3).

    *Guideline Provision for Custody*: Pursuant to the U.S. Sentencing Guidelines, Chapter 5, Part A, based on a total offense level of nineteen (19) and a criminal history category of VI, the advisory guideline range for imprisonment at Count One is sixty-three (63) to seventy-eight (78) months, which falls within Zone D of the Sentencing Table.

2. *Impact of Plea Agreement:* There is no plea agreement in this case.

3. *Statutory Provision for Supervised Release*: Pursuant to 18 U.S.C. § 3583(b)(2), the Court may impose a term of supervised release of not more than three (3) years at Count One.

*Guideline Provision for Supervised Release*:  Pursuant to Guideline § 5D1.2(a)(2), the authorized term of supervised release at Count One is at least one (1) year but not more than three (3) years.

4. *Statutory Provision for Probation*:   Pursuant to 18 U.S.C. §§ 3561(a) and 3561(c)(1), Defendant is eligible for not less than one (1) year nor more than five (5) years' probation.

   *Guideline Provision for Probation*:  Pursuant to Guideline § 5B1.1, Application Note 2, Defendant is ineligible for probation because the applicable guideline range is in Zone D of the Sentencing Table.

5. *Statutory Provision for Fine*:  Pursuant to 18 U.S.C. § 3571(b)(3), Defendant is subject to a fine of not more than $250,000.

   *Guideline Provision for Fine*:  Pursuant to Guideline § 5E1.2(c)(3), the advisory fine range is from $10,000 to $100,000.

6. *Mandatory Special Assessment*:  Pursuant to 18 U.S.C. § 3013(a)(2)(A), Defendant is subject to a mandatory special assessment of $100.  The Court notes that the special assessment has yet to be paid.

7. *Restitution*: Pursuant to 18 U.S.C. § 3663A(a)(1) and Guideline § 5E1.1(a)(1), restitution is mandatory and shall be ordered in the total amount of $1,400 to be paid to PNC Bank.

8. *Forfeiture*:  Forfeiture is not applicable in this case.

*III.  Conclusion*

The Court will receive evidence including testimony and hear argument regarding these tentative findings and rulings as well as any other motions and responses thereto at the time and place of sentencing in this matter presently scheduled on **Tuesday, April 21, 2020 at 9:00 a.m.** Pursuant to the Court's Presentence Order (Docket No. 29), any sentencing memoranda shall be filed by **March 30, 2020** and any responses to same shall be filed by **April 6, 2020.**

*s/ Nora Barry Fischer*
Nora Barry Fischer
Senior United States District Judge

Date:       March 11, 2020

cc/ecf:     All counsel of record
            U.S. Probation Office

5